WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mitchell Mike Garrity,<br><br>　　　　　Defendant. | No. CR-23-08139-001-PCT-MTL<br><br>**ORDER** |

Before the Court are three motions in limine filed by the United States (Docs. 80, 85, 90) and one motion in limine filed by Defendant Mitchell Garrity (Doc. 82).[1] The Court heard oral argument on the motions at the Final Pretrial Conference on March 18, 2025, and took the motions under advisement. The Court now issues its ruling.

**I.    The United States' Motion To Preclude Self-Serving Hearsay Statements**

The United States moves to preclude the defense from asserting self-serving hearsay statements by Defendant. (Doc. 80.) The Court will deny the motion without prejudice. A blanket prohibition on the admissibility of all out-of-court statements by Defendant is premature at this stage, as admissibility will depend on the content of the statement and the purpose for which it is being offered. The United States may renew their objections at trial should Defendant seek to admit his own statements.

**II.   The Defendant's Motion To Preclude or Limit Photos of the Victim**

Defendant moves to exclude photographic evidence of the victim as he appeared at

---

[1] The United States' other motion in limine (Doc. 88) and Defendant's response (Doc. 114) were filed under seal and will be ruled on by a separate sealed Order.

the scene and during examination under Federal Rule of Evidence ("Rule") 403, arguing the photographs are needlessly cumulative and likely to inflame the jury. (Doc. 82.) Rule 403 permits the court to "exclude relevant evidence if its probative value is substantially outweighed" by the risk of "unfair prejudice . . . or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The United States argues the photographs are not unfairly prejudicial or needlessly cumulative because they intend to offer approximately thirty photographs into evidence out of the hundreds taken of the scene and during the victim's autopsy. (Doc. 112.)

The Court will deny Defendant's motion. This is a second-degree murder trial, and there is a strong likelihood that evidence, although gruesome in nature, will be presented before the jury. And gruesomeness alone is insufficient for exclusion when the proffered evidence is highly probative of the charged crime. *See Rivers v. United States*, 270 F.2d 435, 438 (9th Cir. 1959) ("If the mere gruesomeness of the evidence were ground for its exclusion, then it would have to be said that the more gruesome the crime, the greater the difficulty of the prosecution in proving its case.").

Photographs of the victim as he appeared at the scene and during examination are relevant and highly probative of the nature of the victim's injuries, the elements of the charged offenses, and whether Defendant acted in self-defense. Defendant's concession that the number of gunshot wounds is undisputed is inapposite, as "a defendant's Rule 403 objection offering to concede a point generally cannot prevail over the Government's choice to offer evidence." *Old Chief v. United States*, 519 U.S. 172, 183 (1997).

**III.    The United States' Motion To Preclude Expert Testimony of Dr. Chuck Rylant**

The United States moves under Rules 702, 703, 704 and 403 to exclude, or alternatively limit, the expert testimony of Dr. Chuck Rylant. (Doc. 85.) Dr. Rylant intends to testify on broad subjects related to self-defense and use-of-force cases, as well as offer his opinions on whether Defendant acted in self-defense, amongst other matters. (*See* Doc. 85-1.)

The Court will grant the motion in part. Rule 702 permits a qualified expert to testify

in the form of an opinion if the proponent demonstrates it is more likely than not that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

The Court finds that Dr. Rylant's testimony, as to Opinions 1 through 5 in his report, will not assist the jury in understanding the evidence or determining a fact in issue. Dr. Rylant represents that in reaching his conclusions, he reviewed photographs of the scene and the victim's autopsy; interviews of witnesses, including Defendant, Defendant's father, and the victim's girlfriend; body-camera footage; a transcript of Defendant's November 15, 2022 interview with law enforcement; and other redacted documents. (Doc. 85-1 at 13; Doc. 109 at 5.) His opinions, however, rely almost exclusively on the transcript of Defendant's interview. (Doc. 85-1 at 11-13.) The jury is just as capable of considering Defendant's statements in the interview, if admitted, and making its own determination as to self-defense.

Dr. Rylant's opinion testimony also raises serious Rule 704(b) concerns. Under Rule 704(b), an expert witness in a criminal case is precluded from offering "an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). Such determinations are for the jury alone.

Most of Dr. Rylant's opinions threaten to invade the province of the jury. For example, in Opinion One, Dr. Rylant states that Defendant's response to the victim's attack "was consistent with the scientific research on an individual experiencing a fight-or-flight response to a deadly force threat." (Doc. 85-1 at 11.) This opinion is specific to the Defendant and compels the conclusion that the Defendant had the state of mind ("reasonable belief") necessary to use deadly force when confronted with the victim's

assault. And in Opinion Three, Dr. Rylant opines, "[the victim's] assault presented a deadly force threat to [Defendant]." (*Id.* at 12.) This opinion is problematic because it presumes (1) the victim assaulted Defendant; and (2) the assault constituted deadly force. These are factual issues for the jury—not an expert witness—to decide. *See United States v. Solomon*, No. 23-CR-156 (SRN/TNL), 2024 WL 3898049, at *5-6 (D. Minn. Aug. 22, 2024) ) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)) (precluding expert's "defendant-specific" testimony on self-defense where opinion "threaten[ed] to invade the province of the jury," would "not be helpful to the trier of fact," and failed to meet the qualifications under Rule 702 and *Daubert*).[2]

In sum, Dr. Rylant's Opinions One through Five impermissibly encroach on the jury's factfinding role and will be precluded. The Court, however, will permit Dr. Rylant to testify on the broad subjects of his expertise. Dr. Rylant is qualified to testify on these subjects as he has over twenty-five years of experience in law enforcement and focuses his academic career on use-of-force encounters. (Doc. 85-1 at 3-4.) Dr. Rylant's testimony on these subjects will assist the jury in assessing when deadly force may be appropriate without impermissibly encroaching on the jury's role to decide the relevant factual issues in dispute. Further, the Court determines that his testimony on these subjects is sufficiently reliable under Rule 702 and *Daubert*. *See United States v. Slough*, 51 F. Supp. 3d 1, 5-6 (D.D.C. 2014), *reconsidered on other grounds*, 61 F. Supp. 3d 103 (D.D.C. 2014) (permitting expert testimony on general principles of self-defense and use of force because there was no indication that the expert "intend[ed] to testify as to the defendants' states of mind").

The United States also moves to "preclude Defendant's experts from testifying about the substance of Defendant's statements to law enforcement and/or to civilian

---

[2] The United States objects to Dr. Rylant's opinion testimony as unreliable because he relies exclusively on Defendant's statements to law enforcement. (Doc. 85 at 5-6.) The Court is inclined to agree, as Dr. Rylant's opinion testimony presupposes the truth of Defendant's statements. *See United States v. Charley*, 189 F.3d 1251, 1267-68 (10th Cir. 1999) (explaining that an expert is unreliable if the opinion is "largely based on crediting [the speaker's] account," and "essentially vouching for their truthfulness"). Nonetheless, the Court finds Dr. Rylant's testimony on the general subjects of his expertise does not present reliability concerns under Rule 702 or *Daubert*.

- 4 -

witnesses" because these statements are inadmissible self-serving hearsay. (Doc. 85 at 9-10.) Rule 703 permits an expert to base her opinion on facts or data that may otherwise be inadmissible. Fed. R. Evid. 703. The Court will defer ruling on the United States' request should any of Defendant's experts seek to disclose the substance of Defendant's statements and such objection is renewed at trial.

### IV. The United States' Motion To Preclude Expert Testimony of Dr. Amanda Jordan

The United States moves under Rules 401 and 403 to preclude the expert testimony of Dr. Amanda Jordan. (Doc. 90.) Dr. Jordan is a blind expert who intends to testify on the symptoms and effects of concussions and traumatic brain injuries. (Doc. 90-1.) Defendant argues her testimony is relevant and helpful to the jury in assessing the Defendant's self-defense claim. (Doc. 104 at 3-4.) But in the absence of evidence that Defendant sustained a concussion on the night of the incidence, Dr. Jordan's testimony presents possible Rule 401 and 403 concerns. Therefore, the Court will defer ruling on this motion until trial.

### V. Conclusion

Accordingly,

**IT IS ORDERED** that the United States' motion to exclude self-serving hearsay statements (Doc. 80) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the Defendant's motion to exclude or limit the photographic evidence of the victim (Doc. 82) is **denied**.

**IT IS FURTHER ORDERED** that the United States' motion to exclude the expert testimony of Dr. Chuck Rylant (Doc. 85) is **granted in part** and **denied in part** as stated herein.

. . . .

. . . .

. . . .

. . . .

**IT IS FINALLY ORDERED** that the Court will defer ruling on the United States' motion to exclude the expert testimony of Dr. Amanda Jordan (Doc. 90) until trial.

Dated this 21st day of March, 2025.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge